# KLAFTER & MASON, L.L.C.
**Attorneys at Law**

**Manalapan Corporate Plaza**
**195 Route 9 South - Suite 204**
**Manalapan, New Jersey 07726**
**ph: (732) 358-2028**
**fax: (732) 358-2029**
**web: www.kmrslaw.com**

October 14, 2014

**Via ECF Only**

Hon. Freda L. Wolfson, U.S.D.J.
United States District Court
For the District of New Jersey
402 East State Street
Trenton, NJ 08608

    ***RE: Alliance Capital Corp. v. The Watley Group, L.L.C., et al***
        ***Case No. 14-cv-4910***

Dear Judge Wolfson:

    This firm represents plaintiff in the above matter.  Please accept this correspondence as plaintiff's request for a two (2) week adjournment, to November 17, 2014, of defendants' motion to dismiss (ECF #9 ), filed on September 30, 2014 and currently returnable on November 3, 2014.  Presently, plaintiff's opposition is due on October 17, 2014.  On Friday October 10, 2014, I requested consent from defendants' counsel for this adjournment.  Her response was, "I will discuss your proposal with my client."  To date, counsel has not responded to plaintiff's adjournment request.

    Plaintiff's instant request is based on what has turned out to be a disingenuous offer to settle this matter, which caused plaintiff to forego preparing any opposition to defendants' motion.  Specifically, on October 5, 2014, defendant, A. John A. Bryan, Jr., emailed plaintiff directly and stated, among other things:

> I can't take any more and so I am writing to you to throw in the white towel and give up. Your terror campaign is destroying my career has basically destroyed Watley since everyone has now quit; I have no hope of beating you Ron. So you win. I will do whatever you want if you will stop and

Hon. Freda L. Wolfson, U.S.D.J.
October 14, 2014
Page 2
_____

      get all this to stop. I can't go on any longer.  I am begging
      you to please stop. I can take no more and will pay you or
      do whatever you want. You win Ron and I give up.

Based on this email, I reasonably believed that defendants' sentiments were genuine and that defendants wished to resolve this matter. Consequently, I did not believe it was cost-effective to invest time or incur fees preparing opposition to defendants' motion when it was readily apparent from defendants' email that they wished to end this lawsuit.

      Later that evening, on October 5, 2014, after receiving a copy of this email from my client, I forwarded same to defendants' counsel with plaintiff's settlement demand.  In response, defendants' counsel called me on Monday October 6, 2014 to advise that she was preparing a settlement agreement.  Despite several follow-up attempts during the week of October 6, no settlement agreement was received.

      On Friday October 10, 2014, I received an email from defendants' counsel that she had a "preliminary draft prepared," but needed to review it with defendants before sending it to me.  By email dated October 13, 2014, defendants' counsel advised that she would have the settlement agreement in my hands by October 14, 2014.  To date, I have received nothing.

      Consequently, it appears as though defendants' representations regarding their desire to settle, and counsel's representations regarding her preparation of a settlement agreement were, minimally, disingenuous.  As a result, plaintiff requires additional time to prepare opposition to defendants' motion to dismiss and respectfully requests that the motion be carried to November 17, 2014, with opposition due by November 3, 2014.

      Thank you for your consideration of the foregoing.

                            Respectfully yours,

                            /s/ *Gary L. Mason*

                            Gary L. Mason

GLM/mrm
cc:  Gilda L. Kramer, Esq. (via ECF only)